560 F.2d 625
 William R. DRUMMOND, Plaintiff-Appellant,
Jesse A. Helms, James A. McClure, Strom Thurmond, Daniel J.
Flood, Lawrence P. McDonald, M. Gene Snyder,
Intervenors-Appellants,
v.
Ellsworth BUNKER et al., Defendants-Appellees.
 No. 77-1622
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 5, 1977.
 George S. Leonard, Washington, D. C., for plaintiff-appellant.
 Frank J. Violanti, U. S. Atty., Balboa, Canal Zone, Robert E. Kopp, Atty., Steven I. Frank, Atty., Barbara Allen Babcock, Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the District of Canal Zone.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 William R. Drummond, a citizen of the Canal Zone, appeals from the Canal Zone district court's order quashing service of process by mail on Government officials not personally present in the Canal Zone. Holding that Title 3, § 279 of the Canal Zone Code does not authorize the district court for the Canal Zone to issue extraterritorial service in an in personam action, we affirm.
 
 
 2
 Drummond seeks to enjoin the President of the United States and certain other Government officials not personally in the Canal Zone from negotiating with the Republic of Panama concerning control of the Panama Canal Zone. He also seeks a declaratory judgment that the power to relinquish United States control over the Canal Zone reposes solely in Congress. Six members of Congress intervened, claiming that the negotiations of the Executive Branch threatened to deprive them of their legislative vote on essential legislation. The district court directed service of the complaint and summons upon each defendant by certified mail. Shortly thereafter, however, on motion, the extraterritorial service was quashed as not being within the power of the court.
 
 
 3
 Personal process may be effectively served only within the territorial limits of the state in which the district court is held unless extraterritorial service is authorized by statute. Fed.R.Civ.P. 4(f). Under Title 28 U.S.C.A. § 1391(e) process may be served upon officers and employees of the United States beyond the territorial limits of the district in which the action is brought. This statute, however, does not apply to the Canal Zone district court. Leber v. Canal Zone Central Labor Union & Metal Trades Council, AFL-CIO, 383 F.2d 110 (1967), cert. denied, 389 U.S. 1046, 88 S.Ct. 769, 19 L.Ed.2d 838 (1968); Doyle v. Fleming, 219 F.Supp. 277 (D.C.C.Z.1963).
 
 
 4
 Plaintiff argues that the court's extraterritorial service in this case was authorized by Title 3, § 279 of the Canal Zone Code, which provides:
 
 
 5
 When jurisdiction is conferred on a court or judicial officer by this Code or by any other statute, all the means necessary to carry it into effect are also given. In the exercise of this jurisdiction, if the course of proceeding is not specifically prescribed by this Code, by the statute, or by applicable rule of the Supreme Court of the United States or other governing rule, any suitable process or mode of proceeding may be adopted, by rule or by a ruling in the particular case, which appears most conformable to the spirit of this Code and in the furtherance of justice.
 
 
 6
 Although there appears to be no case in point, this statute clearly does not authorize nationwide service of process for procedures in the Canal Zone district Court. Under plaintiff's theory, in any in personam action litigants in the Canal Zone would be able to compel the attendance in the Canal Zone of defendants located throughout the United States, regardless of their contact with the Canal Zone. The statutory language requires no such extraordinary result. The statute merely provides that "when jurisdiction is conferred on a court or judicial officer by this Code or by any other statute," the court may adopt a suitable course of proceeding if the procedures have not been prescribed by any specific statute. A court must have in personam jurisdiction over a defendant before this section even comes into operation. If a court has not acquired such jurisdiction, no "jurisdiction is conferred" and the statute has no effect. In short, section 279 cannot independently cure the lack of in personam jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I